## SKYWRITING CORPORATION OF AMERICA et al. v. ROGERS AIRCRAFT, INC., et al.

(District Court, S. D. California, S. D. February 26, 1924.)

No. G–95.

**I. Patents** &⟶328—922,709, claim 4, for signaling system, held valid and infringed.
Means patent, No. 922,709, claim 4, for signaling system for aerial machine, *held* valid and infringed.

**2. Patents** &⟶165—That inventor of aerial signaling system did not foresee potential value as advertising medium held immaterial.
That inventor of aerial signaling system did not foresee its potential value as pure advertising medium through skywriting did not authorize another to infringe by using system as an advertising medium.

In Equity. Suit by the Skywriting Corporation of America and others against the Rogers Aircraft, Inc., and others. Decree for plaintiffs.

Plaintiff sues as for the infringement of United States patent No. 922,709, issued May 25, 1909, to one James Means. It was for a signaling system, and its object was "to provide a system whereby signals may be transmitted automatically or otherwise from a motor-propelled or other aerial machine." Appropriate means were indicated whereby a suitable chemical might be injected into or associated with the exhaust pipe of the motor, so that the exhaust fumes would possess and for some considerable period retain a distinctive color. In order to make the successive appearances of the color produce intelligible signals, "such as the Morse or other telegraph code," appropriate means for controlling the valve governing the admission of the chemical was provided. Specific means including a control through

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an electrical transmitter were given in detail. It was stated, though, that "said control may be effected in any other suitable manner."

Claim 4 reads: "In an aerial machine, a signaling system comprising in combination a vessel containing coloring matter, an outlet from said vessel, a valve for controlling said outlet and a transmitter for controlling said valve."

Defendants' device, used to advertise merchandise by "sky-writing," involved the use of the chemical by projecting it directly into the air, as "cold smoke," and not through the exhaust, as "hot smoke." The appropriate appearance of the "smoke" was controlled by an ordinary hand lever entirely disassociated from any electrical device.

Lyon & Lyon, of Los Angeles, Cal., for plaintiffs.

Frank L. A. Graham and Ford W. Harris, both of Los Angeles, Cal., for defendants.

BLEDSOE, District Judge (after stating the facts as above). Very careful consideration has been given to the briefs herein and particular attention given to the contention of the defendant with respect to the asserted limitation to be placed upon the meaning of the word "transmitter" in claim 4 of the Means patent, to the effect, substantially, that only some form of "electrical transmitter" was thereby intended.

[1, 2] Giving all matters, however, their due place, I can come to no conclusion other than that the plaintiff is entitled to the relief prayed for. There is no doubt but that the invention of Means was a pioneer and basic one. No one before him had provided mankind with an instrumentality whereby definite, positive, persistent, usable, visible signals could be projected in and from the sky, so that they might be observed and taken advantage of by others either in the sky or upon the earth. It may be that Means, the original inventor, did not fully appreciate and understand the scope, extent, and availability for use of his own discovery. It may be that at the time only the possibility of its use in war, as a means for aerial signaling and did not foresee its potential value as a pure advertising medium. Assuming that to be true, however, it would not suffice, in my judgment, under the law as I understand it, to authorize another to infringe upon the patent secured by him, awarding to that patent the scope which its claims, in the light of the specifications and the existing art, would seem to entitle it to.

Claim 4, the one relied upon herein, is a broad combination claim, and secures to Means and his assignees the monopoly of any sort of signaling or sky-writing from an aerial machine by means of the use of coloring matter the output and deposit of which, and therefore the visibility of which, is controlled and determinable by a valve operated in accordance with some predetermined purpose. This seems to me to be the construction to be placed upon the claim in the light of the discovery, its pioneer character, the degree of equivalency to which it is entitled, and the obvious use of which it was intended that the instrumentality should be made in virtue of the specifications had and claim allowed. In this wise the word "transmitter" in the claim is not

to be limited to an electrical or any similar sort of transmitter, but is to be regarded as an instrumentality by which a control of. the valve, and therefore of the coloring matter, might be had in the air. The device of defendant is simpler in form than that of the Means Patent, but it is no less an infringement in my judgment. "It performs substantially the same function * * * in substantially the same way to obtain substantially the same result." Bates v. Coe, 98 U. S. 31, 25 L. Ed. 68.

Plaintiff will take the usual decree.