27 C.C.P.A.(Patents)

## In re SMELLIE.
### Patent Appeals No. 4301.

Court of Customs and Patent Appeals.

May 6, 1940.

Rehearing Denied June 21, 1940.

W. D. Sellers, of Chicago, Ill. (Harry S. Demaree, of Chicago, Ill., and Elmer Stewart, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Twelve claims in appellant's application having been allowed by the United States Patent Office, the application being for a patent relating to improvements in suction cleaners more particularly described hereinafter, appellant has here appealed from the decision of the Board of Appeals, affirming that of the Primary Examiner in rejecting claims 23, 24 and 25, which follow:

"23. In a suction cleaner, a body including a floor covering contacting nozzle adjustable upwardly and downwardly relative to a surface covering undergoing cleaning, a pivoted handle connected to said body for propelling said cleaner, and height indicating means near the upper end of said handle movable relative thereto and responsive to adjustments of said nozzle to indicate the position of said nozzle relative to the surface covering undergoing cleaning.

"24. In a suction cleaner, an ambulatory unit including means adjustable upwardly and downwardly relative to a surface covering undergoing cleaning, a pivoted handle connected to said unit for exerting a propelling force thereon, and position indicating means on said handle movable relative thereto responsive to variations in height of said adjustable means to indicate the position of the latter.

"25. In a suction cleaner, a body including a floor-covering-contacting nozzle adjustable upwardly and downwardly relative to a surface covering undergoing cleaning, a propelling handle connected to said body and pivoted relative to said nozzle, and means on said handle movable relative thereto and responsive to nozzle adjustments to indicate the position of said nozzle relative to the surface covering undergoing cleaning."

Broadly, the alleged invention which is defined by the claims at bar is an improvement on a vertically adjustable nozzle wherein appellant has devised a means of indicating the height of the nozzle from the surface to be cleaned and placed the indicating means on the handle of the cleaner, which handle is pivoted.

The references relied upon are: Losey, 1,884,012, October 25, 1932; Myers, 1,934,-814, November 14, 1933; Schwarz, 2,022,-438, November 26, 1935.

The Myers patent discloses a similar device, a light weight surfacing machine, in which the handle is not pivoted to the body thereof. Myers does not speak of his indicating device as an indicator, yet it is provided with notches to hold a lever in

various positions, and marks are placed thereon to show the various positions after adjustment is made.

Losey discloses a vacuum cleaner with a pivotal handle. By shifting this handle rotatably, adjustment can be made of the body of the cleaner on its supporting wheel. No indicator is disclosed by Losey.

Schwarz discloses a suction cleaner with pivotal handle and means running through the handle to operate a device to lock the supporting means for certain wheels on the body of the suction cleaner in any desired adjusted position. An indicator is provided, but the same is on the body of the cleaner.

The three claims at bar, as will be observed, provide broadly, in different phraseology, for locating the indicating means on the upper end of the handle which is adjustable upwardly and downwardly and which, regardless of the pivotal character of the handle, will indicate the height of the nozzle from the object to be cleaned. Thus it is seen that appellant has devised a means, which is defined specifically in his allowed claims, for placing an indicating device on a pivotal handle of a suction cleaner, which means the prior art does not disclose. It may be stated that as far as the record shows no one has previously done what appellant has done and that it is obvious that good results, new in character, flow from his invention.

The sole question presented, as we see it, is whether or not appellant is entitled to more than he has been allowed, that is to say: Having been allowed specific claims describing the particular means by which the desired result is accomplished, is appellant entitled to claims broad enough to cover all means of placing a nozzle-height-indicating device upon a pivotal handle of a suction cleaner? The Patent Office tribunals have held that the claims, calling broadly for all means of accomplishing this result, are broader than appellant's invention. Neither in the decisions of the tribunals below nor in the brief of appellant or of the attorney for the Commissioner of Patents are both sides of the precise question here involved briefed to any great extent. The attorney for the Patent Office is content with the following: "However, the fact that appellant may have been the first one to provide a nozzle height indicating means upon a pivoted handle does not entitle appellant to claims broad enough to cover all ways of accomplishing that re-

sult. See In re Ferguson, 83 F.2d 693, 23 C.C.P.A., Patents, 1143; In re Lawson et al., 83 F.2d 1001, 23 C.C.P.A., Patents, 1235; In re Spitzglass et al., 96 F.2d 1002, 25 C.C.P.A., Patents, 1227."

Having allowed claims for the specific structure devised by appellant for placing the indicating means on the pivotal handle of his suction cleaner, it was the view of the Patent Office tribunals that to allow claims broad enough to cover all means of doing so would be to allow him claims broader than his invention. It must be remembered that Myers shows an indicating means on a handle which is not pivotal; that Losey discloses a pivotal handle, and that Schwarz discloses an indicator on the body of the cleaner and that he has a pivotal handle.

Appellant in this court states in his brief that:

"* * * He [appellant] is the first to provide a nozzle height indicating mechanism mounted upon and operative upon the cleaner handle and the prior art does not necessitate his claiming his invention in a specific manner nor that he designate the particular means which he employs.

* * * * * *

"* * * Not one single reference shows a nozzle height indicator which is responsive to variations of nozzle height adjustment and which is mounted upon the cleaner handle and which does not change its indication or reading with angular pivotal movement of the handle."

■ It is a general rule that one may not claim all means of doing a thing by a broad means limitation and thereby throttle and prevent future inventive efforts in the line of improving such means of doing the particular thing. However, to this general rule there are certain exceptions. There are certain instances where the invention is so revolutionary in a pioneering field as to furnish examples of the exception to said general rule. See Telephone Cases, Dolbear v. American Bell Tel. Co., 126 U.S. 1, 8 S.Ct. 778, 31 L.Ed. 863; Skywriting Corporation of America et al. v. Rogers Aircraft, Inc., et al., D.C., 300 F. 998.

■ So, the question recurs here: Is appellant's contribution to the suction cleaner art so revolutionary or pioneering in character as to bring it within the exception to the general rule? We think not. We think the question here is controlled

by this court's decisions in the cases cited by the attorney for the Commissioner of Patents in that portion of his brief quoted supra. It would seem that In re Ferguson, 83 F.2d 693, 695, 23 C.C.P.A., Patents, 1143, is particularly in point. There, claims contained broad means limitations which were depended upon for the patentability of the claims. On their face, they covered all means of doing the particular thing desired. The invention related to a backfire release for internal combustion engines. We there said:

"We are in agreement with the Board that to allow those of the appealed claims which are directed broadly to a means responsive to reverse rotation of the engine (without stating what means) for preventing the actuation of the starting mechanism, would amount to granting appellant a monopoly on all means of bringing about this result 'thereby closing the art to all others who may produce the same result by means not suggested' by appellant. And, as we see it, the fact, if it be a fact, that he was the first to provide any such means does not change the situation.

"In this court appellant argues, as he evidently argued before the Board, that he is entitled to broad claims which cover all means, since he is the first to invent any means for bringing about the result. If it were conceded that he be the first to provide a means to accomplish the desired result, we cannot agree with appellant's contentions, and we think that the case of Heidbrink et al. v. McKesson [6 Cir.], 290 F. 665, 668, and the cases therein cited, definitely settle this question. * * *"

That case was cited and followed by this court in Re Lawson et al., 83 F.2d 1001, 1003, 23 C.C.P.A., Patents, 1235, in which the appealed claims contained limitations which the court thought called for all means of accomplishing the desired result relating to the well-developed art of knitting machines. The court said: "It may be, as argued by counsel for appellants, that appellants were the first to provide a means to accomplish the desired result. However, they are not, for that reason, entitled to a patent which would include all means for accomplishing such result. [Citing In re Ferguson, supra, and Heidbrink et al. v. McKesson, 6 Cir., 290 F. 665.]"

It is our view that appellant's contribution to the art of construction of suction cleaners is definitely defined and covered by the allowed claims, and that the broad claims at bar which call for all means of doing the thing, which appellant claims to be inventive, define subject matter broader than appellant's invention.

We are in agreement with the decisions of the tribunals below, and the decision of the board, affirming that of the examiner, in rejecting the appealed claims, is affirmed.

Affirmed.